IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEVERLIN GREENE,

    *Plaintiff*,

v.

JAMES DONALD MOTT, *et al.*,

    *Defendants*.

Civil No.: 1:24-cv-03310-JRR

## MEMORANDUM OPINION

Pending before the court is Defendant the Christian Broadcasting Network, Inc.'s Motion to Dismiss or in the Alternative for Summary Judgment. (ECF No. 8; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the following reasons, by accompanying order, the Motion, construed as a motion to dismiss, will be granted.

**I.   BACKGROUND**[1]

On or about November 22, 2021, at around 2:05 p.m., Plaintiff Beverlin Greene and Defendant James Mott were both driving north on Route 13 in Somerset County, Maryland, with Greene in the right lane and Mott in the left lane. (ECF No. 1 at p. 2, ¶¶ 1–2.) Mott then "negligently and recklessly caused his motor vehicle to forcefully and violently strike the Plaintiff's motor vehicle." *Id.* at p. 2, ¶ 4. The vehicle Mott drove at the time was "owned and/or leased" by Defendant The Christian Broadcasting Network, Inc. ("CBN"). *Id.* at p. 3, ¶ 1. Plaintiff alleges that Mott was operating the vehicle as "the agent, servant, employee, and/or permittee" of

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts in set forth in the Complaint (ECF No. 1). *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

CBN. *Id.* at p. 3, ¶ 2. According to Plaintiff, CBN "knew or should have known" Mott was likely to operate his vehicle "in a manner involving unreasonable risk or serious physical harm to himself and others," and that his "immaturity, driving record, and inexperience was likely to involve unreasonable risk or serious harm physical harm to himself and others." *Id.* at pp. 3–4, ¶¶ 1–2. As a result of the accident, Plaintiff suffered injury to her "neck, back, head, shoulders, chest, extremities," and sustained "shock to her central nervous system." *Id.* at p. 2, ¶ 5. The cost for Plaintiff's medical care has been "substantial," and she has experienced "loss of salary and/or wages." *Id.* at p. 2, ¶¶ 6–7.

Plaintiff filed her Complaint with this court on November 15, 2024. (ECF No. 1.) In her Complaint, Plaintiff alleges negligence by Mott (Count I), vicarious liability on the part of CBN for the negligence of Mott (Count II), and negligent entrustment by CBN (Count III). *Id.* at pp. 2–4. Plaintiff seeks damages from Defendants totaling five million dollars, as well as prejudgment interest and litigation costs. *Id.* CBN filed the instant Motion on December 9, 2024, asking the court to dismiss or, alternatively, grant summary judgment as to Counts II and III as against it.[2] (ECF No. 8.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(d)

In its Motion, CBN seeks dismissal of Counts II and III of Plaintiff's Complaint for failure to state a claim or, in the alternative, summary judgment. (ECF No. 8.) "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule of Civil Procedure 12(d) provides: "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings

---

[2] Defendant Mott filed his answer on December 4, 2024. (ECF No. 6.)

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert County*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citation omitted); *see Sammons v. McCarthy*, 606 F. Supp. 3d 165, 193 (D. Md. 2022) (explaining that "a district judge has complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion" (citation modified)). Judges should use "great caution and attention to the parties' procedural rights" when exercising their discretion. *Sammons*, 606 F. Supp. 3d at 193 (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed. 2018)).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder*, 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Second, the parties "must be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177 (citation modified).

As fully addressed below, it is not necessary for the court to consider matters outside the pleading to rule on the Motion. Additionally, the parties have not engaged in discovery thus far. *See* ECF No. 10 at pp. 2–3, ¶¶ 14, 16 (stating "Plaintiff has been unable to conduct discovery on the issue" and "Plaintiff should be permitted time to conduct discovery"). Because the court concludes that dismissal of Counts II and III pursuant to Rule 12(b)(6) is warranted without

consideration of matters outside the pleading, the court need not reach CBN's alternative argument for summary judgment. Therefore, the court construes the Motion as a motion to dismiss pursuant to Rule 12(b)(6).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The court must be able to deduce more than the mere possibility of misconduct; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (citation modified).

## III.  ANALYSIS

Defendant argues Plaintiff's vicarious liability and negligent entrustment claims fail due to insufficient factual allegations in the pleading.  (ECF No. 8-1 at p. 4–5.)  Defendant states that Plaintiff's allegations are conclusory in nature and therefore do not meet the requirements set out in *Iqbal* and *Twombly*.  *Id.* at p. 4 (citing *Day v. Stevens*, No. 17-02638-JMC, 2018 WL 2064735, at *7 (D. Md. May 3, 2018)).  Specifically, Defendant points to the fact that "Plaintiff alleges no facts that go toward creating a reasonable inference that Defendant CBN is liable for the misconduct alleged[,]" and the facts Plaintiff does allege regarding Mott acting as the "agent, employee, and/or permittee of CBN" and that CBN "knew or should have known" of the risk Mott posed, are insufficient.  *Id.* at p. 5 (citing ECF No. 1).  Plaintiff filed a response in opposition to the Motion, maintaining the factual allegations in the Complaint.  (ECF No. 10.)

### A.  Count II: Vicarious Liability[3]

"Under Maryland law, an employer may be liable for acts which his employee does with the actual or apparent authority of the employer, the employee does within the scope of his employment, or the employer ratifies with the knowledge of all the material facts."  *Wood v. Walton*, 855 F. Supp. 2d 494, 499 (D. Md. 2012) (citation modified).  An employee acts within the scope of his employment when "advancing his [employer's] interests in doing what he did at the time he did it."  *Henderson v. AT & T Info. Sys., Inc.*, 78 Md. App. 126, 132 (1989) (citation omitted); *see Butt v. Williams*, No. 20-2318-BAH, 2023 WL 5404073, at *6 (D. Md. Aug. 22, 2023) (elaborating that the employee's actions must be "authorized by the employer" (citation modified)).  To sufficiently claim liability of an employer for its employee/agent's actions, a

---

[3] "When considering a State law claim, the Court must apply the law of the forum state (including as to choice of law), whether proceeding under supplemental or diversity jurisdiction."  *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 418 n.17 (D. Md. 2022) (citing cases).

plaintiff must include allegations that the employee acted "in furtherance of the employer's business and [with] authoriz[ation] by the employer." *Hemphill v. Battles Transportation, Inc.*, No. 2111, Sept. Term, 2023, 2024 WL 4142942, at *2 (Md. App. Ct. Sept. 11, 2024) (quoting *Barclay v. Brsiscoe*, 427 Md. 270, 283 (2012)).

For claims arising from a car accident, the employer must "(1) expressly or impliedly consent[] to the use of the automobile and (2) ha[ve] the right to control the [employee] in the automobile's operation." *Butt*, 2023 WL 5404073, at *6 (citation modified); *see Henkelmann v. Metropolitan Life Ins. Co.*, 180 Md. 591, 601–602 (1942) (describing requirements for employer vicariously liability for employee driving a work vehicle, including employer authorization to use vehicle, acts undertaken within scope of employment, and ability to exercise control of the vehicle's operation).

Plaintiff's allegation in support of vicarious liability is encapsulated in the conclusory allegation that Mott "was operating said motor vehicle as the agent, servant, employee, and/or permittee" of CBN.  (ECF No. 1 at p. 3, ¶ 2.)  His conclusory allegation is unsupported by any factual allegations.  While Plaintiff alleges the vehicle Mott drove "was owned and/or leased by" CBN, this is insufficient to plead that Plaintiff was acting under CBN's authority or within the scope of his employment, because Plaintiff offers no facts to support a finding that CBN controlled Mott's operation of the vehicle, and no facts alleging how Mott's actions were within the scope of employment.  *Id.* at p. 3; *see Butt*, 2023 WL 5404073, at *6, *supra*.  Even accepting as true Plaintiff's allegation that Mott was operating the vehicle as an employee or agent of CBN, and drawing all reasonable inferences therefrom in Plaintiff's favor, the claim is still too threadbare. Plaintiff fails to allege any facts to show that Mott was acting in CBN's interest, that CBN authorized Mott's actions, or that CBN had the ability to exercise control over Mott in his operation

of the vehicle. In short, Plaintiff relies on conclusory allegations to support his claim of CBN's vicarious liability; such allegations are insufficient to state a plausible claim. Thus, the court will grant the Motion as to Count II.

### B. Count III: Negligent Entrustment

In Maryland, negligent entrustment is outlined as:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Day*, 2018 WL 2064735, at *2 (quoting *Curley v. Gen. Valet Serv., Inc.*, 270 Md. 248, 255 (1973)). In other words, the three elements required for a claim of negligent entrustment are: "(1) the making available to another a chattel which the supplier (2) knows or should have know the user is likely to use in a manner involving risk of physical harm to others (3) the supplier should expect to be endangered by it use." *Pizarro Orta v. Creekstone Landscaping & Excavating, LLC*, No. EA-23-1954, 2024 WL 3555093, at *6 (D. Md. July 25, 2024) (citing *Mackey v. Dorsey*, 104 Md. App. 250, 258 (1995)).

Further, "an employer owes a duty of reasonable care to select fit employees who will not cause an unreasonable risk of harm to others." *Sneed v. SW Trucking LLC*, No. ADC-19-626, 2020 WL 1812866, at *3 (D. Md. Apr. 9, 2020) (quoting *Day*, 2018 WL 2064735, at *2). Notably, "negligent entrustment 'arises only if a reasonable man could have foreseen the negligent acts' and 'when the foreseeability of harm stems from past conduct, it must be conduct so repetitive as to make its recurrence foreseeable.'" *Brown v. Kahl*, No. JMC-18-352, 2018 WL 4108030, at *2 (D. Md. Aug. 29, 2018) (quoting *Essem v. Stone*, Civ. No. PWG-14-113, 2014 WL 4182615, at *2 (D. Md. Aug. 19, 2014)).

7

Here, Plaintiff alleges that Mott's "immaturity, driving record, and inexperience" indicated that entrustment of a vehicle to him by CBN "was likely to involve unreasonable risk or serious physical harm to himself and others." (ECF No. 1 at p. 4, ¶ 2.) Plaintiff does not, however, allege facts related to same. Additionally, Plaintiff does not allege sufficient facts on which a reasonable conclusion could be drawn that CBN knew or should have known of any risk associated with entrusting Mott with a vehicle beyond the conclusory assertion that CBN "knew or should have known" of the risks. *Id.*

Plaintiff's conclusory allegations are insufficient to plead a claim of negligent entrustment. *See Pizarro Orta*, 2024 WL 3555093, at *6 (determining that plaintiff did not plead sufficient facts for negligent entrustment claim where plaintiff alleged only conclusory statements of defendant's awareness of risk associated with entrustment, and limited allegations of the risk the entrusted party posed to allegation that he was "an unfit driver"); *Day*, 2018 WL 2064735, at *3 (dismissing plaintiff's negligent entrustment claim as insufficient due to conclusory nature of allegations). Therefore, the court will grant the Motion to Dismiss as to Count III.

**IV.   CONCLUSION**

For the foregoing reasons, by separate order, the Motion (ECF No. 8) will be granted.


Date: August 4, 2025                                                          /S/
                                                                   _____
                                                                   Julie R. Rubin
                                                                   United States District Judge